*J. E. McDonald* and *A. L. Roache*, for appellant.

———o———

### JENKINS and Another *v.* LONG and Another.

PRACTICE.—In a proceeding to correct a mistake of the clerk in the entry of a judgment, a complaint was filed showing the facts, a summons was issued, demurrers were filed and acted upon, and issues formed, and a trial by jury had, as in ordinary cases.

*Held*, that such proceedings were irregular.

RECORDS—CLERICAL ERRORS.—The court has power to make its records speak the truth as to what it has done, upon the suggestion that its ministerial officer has not correctly recorded the judgment actually rendered.

SAME—EVIDENCE.—On a motion to correct a clerical error in the entry of a judgment, evidence is admissible outside of the judgment sought to be amended.

APPEAL from the *Wayne* Circuit Court.

FRAZER, J.—This was what must properly be called a proceeding by notice and motion to correct a mistake by the clerk in the entry of a judgment as to the amount thereof. The judgment actually rendered by the court, was for the amount of two notes sued on, but the clerk, by mistake in computation, entered the judgment for a less sum. A complaint was filed stating the facts, and a

summons was issued, but no objection was made below to the mode of proceeding, and we may, therefore, properly regard the complaint as the motion, and the summons as the notice. There were demurrers filed and acted upon, and issues made as in ordinary cases, and a jury trial, all of which was irregular; but no objection was made to it at the time, and no question is now made about it. The result reached was, that the clerical error was ordered to be corrected, and the defendant appeals.

Two questions only are presented for our consideration by the argument of the appellant: 1. Could the correction be made after the expiration of one year from the rendition of the judgment? 2. Was extrinsic evidence admissible? The counsel for the appellants maintain the negative of both these questions, and we are favored with no argument whatever on the other side.

1. The statute relied on by the appellants we suppose to be section 99 of the code, which authorizes the court, within a year, to relieve a party from a judgment taken against him, . . . and supply an omission in any proceedings. But we do not think this statute at all applicable to the question. It was not sought to supply any " omission " in the proceedings, for on their face they were regular and complete, but simply to correct a clerical error of commission. The inherent power of the court was invoked—a power much older than the code—to make its record speak the truth as to what it had done, upon the suggestion that its ministerial officer, by mistake, had not correctly recorded its judgment actually rendered. *Burson* v. *Blair*, 12 Ind. 371. The authority to do this is as old as the reign of *Henry VI*, and was then conferred by act of parliament, which is in force in this state. 1 G. & H. 415 ; 2 Tidd, 769.

2. Was any evidence admissible, upon the hearing of the motion, outside of the judgment sought to be amended ? This question can receive only an affirmative answer. It would be in vain to seek relief against a clerical error,

unless such error may be shown to exist; and the instances would be rare indeed in which the error would be apparent upon the face of the record itself. It is barely possible to imagine cases in which an inspection of the whole record would show that a clerical error, like the one in this case, had been committed. No question is before us, in this instance, as to the kind of evidence which would be sufficient to justify an amendment after the proceedings have ceased to be in *fieri*, and we are, therefore, not called upon to discuss that subject.

Judgment is affirmed, with costs.

*George Holland* and *J. F. Kibby*, for appellant.
*M. Wilson*, for appellee.