C. E. *Walker* and A. D. *Bassett*, for appellants.

———◆———

GOODWINE v. HEDRICK and Another.

29    383
151    82

RECORD.—CLERICAL ERROR.—An application to correct a mistake in a record should be made upon motion, and not by complaint.

SAME.—The court held that such an application was correctly refused, because the error complained of did not change the legal effect of the decree. FRAZER, J., desired to put the decision upon the ground that parol evidence alone would not warrant interference with the record, after the cause had ceased to be *in fieri.*

APPEAL from the *Warren* Common Pleas.

FRAZER, J.—This was an application to correct a clerical error in a decree of partition rendered in 1865. It was refused. There was a complaint and other pleadings, and various questions are attempted to be presented, arising upon them, but they will not be considered. The proceeding must be regarded as a mere motion, neither requiring nor justifying pleadings, as in an ordinary cause. *Jenkins* v. *Long*, 23 Ind. 460. The record of the partition suit was in evidence. Merely oral evidence was then offered to show what was the decree actually pronounced in that cause, and thus raise the presumption that there was a clerical error in its entry. This evidence was rejected, and we are asked to reverse the judgment upon that ground. I am very clearly of opinion that there was no error.

But the majority of the court prefer to affirm the judgment exclusively upon the ground that the correction sought

would not, to any extent, or for any purpose, have changed the effect of the decree. So, I confess, it also appears to me, but as that question has not been argued, I would prefer to rest the judgment of this court altogether upon the doctrine that parol evidence alone will not warrant interference with a record after the cause has ceased to be *in fieri*.

The judgment is affirmed, with costs.

*Z. Baird, W. P. Rhodes* and *J. H. Brown,* for appellant.

*B. F. Gregory, J. Harper, J. Parks* and *L. T. Miller,* for appellees.

