## SHERMAN *v.* NIXON ET AL.

37  153
151  82

JUDGMENT.—*Correction.*—Where a judgment by default has been entered for a sum too small, as appears on the face of the papers, through an error of the clerk, the judgment may be corrected, on motion, at a subsequent term, although the amount for which it has been erroneously entered has been paid.

APPEAL from the Cass Common Pleas.

DOWNEY, J.—The appellees sued the appellant on a promissory note for five hundred dollars, made on the 6th day of November, 1865, payable on or before the 25th day of December, 1867, with interest from date, admitting, in the complaint, that he had paid one hundred dollars of the amount thereof. Judgment by default was rendered on the 27th day of July, 1869, for one hundred and five dollars and eighty-three cents. On the 6th day of August, 1869, which was during the same term of the court, the defendant moved the court to set aside the default, and in his affidavit stated that he had paid on the note one hundred and twenty dollars. He also had filed answers to interrogatories, which had been filed with the complaint; and in answer to a question as to whether he had ever paid any more on the note than the one hundred dollars indorsed thereon, he said he had made payments, in property, over and above the one hundred dollars indorsed on the note, but could not state the time or place, nor did he name the articles in which he had made the payments. The court overruled the motion.

At the July term, 1870, the plaintiffs moved the court, upon a written motion, to amend the judgment as to the amount, alleging that there was due on the note, at the date of the judgment, five hundred and five dollars and eighty-three cents, and that the clerk of the court, by mistake, entered up judgment for one hundred and five dollars and eighty-three cents only, four hundred dollars less than the plaintiffs were entitled to recover.

The defendant appeared to the motion, and filed a demurrer thereto, as the record recites, which was, on motion of

the plaintiffs, stricken out, and a demurrer is copied into the record by the clerk, but it is not made part of the record by bill of exceptions.    This is the first error assigned.    Under repeated decisions of this court, we cannot judicially notice a pleading which has been stricken out, merely because the clerk has copied it into the record.   It must be replaced in the record by bill of exceptions.    *Hill* v. *Jamieson*, 16 Ind. 125; *Searl* v. *Smith*, 15 Ind. 23; *Urton* v. *Luckey*, 17 Ind. 213. But if the demurrer was properly in the record, and the question as to the right of the defendant to demur to the motion was before us, see *Goodwine* v. *Hedrick*, 29 Ind. 383; *Jenkins* v. *Long*, 23 Ind. 460.

The court heard the evidence and made the desired correction in the judgment.    The defendant, without any motion for a rehearing of the matter, excepted, set out the evidence in a bill of exceptions, and appealed to this court.    It is alleged that the court erred in allowing evidence which was not a part of the record; in permitting the plaintiffs to introduce irrelevant testimony; in allowing the introduction of oral evidence; in sustaining the motion to correct the judgment; and in permitting the judgment to be amended after it had been paid and satisfied.

It is as clear as mathematics can make it, that the plaintiffs were, upon the complaint and default, entitled to a judgment for the amount of the note, less the one hundred dollars credited on it, which was five hundred and five dollars and eighty-three cents.    The default admitted the facts set out in the complaint, and a calculation, which the court or the clerk under its direction was authorized to make, would have shown the amount for which judgment should have been rendered.    The endorsement on the note shows that the payment of one hundred dollars was made on the 21st day of January, 1868.    The entry on the judge's docket shows that the amount of the judgment was one hundred and five dollars and eighty-three cents; but this only shows that the mistake was common to the clerk and judge, or that it originated with the entry by the judge and was perpetuated by the

clerk in entering up the judgment. It was, in either case, the mistake of the clerk. But counsel for the plaintiffs testifies that he calculated the amount due on the note, and handed the note to the clerk. The original note given in evidence has this memorandum on it. The fact that the defendant had paid the one hundred and five dollars and eighty-three cents would be no objection to the correction of the judgment. He would have that much less to pay after the judgment was corrected. Although counsel for the appellant have made an extensive and ingenious argument in favor of their side of the case, we cannot see the least merit on their client's side of the controversy. The case is much like that of *Jenkins* v. *Long, supra.* If there is any difference, it is in favor of the case under consideration.

*D. B. McConnell* and *H. C. Thornton*, for appellant.

*A. M. Flory*, for appellees.