### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

# STATE OF INDIANA,

## AT INDIANAPOLIS, NOVEMBER TERM, 1877, IN THE SIXTY-SECOND YEAR OF THE STATE.

------

## Latta *v.* Griffith.

Amendment.—*Of Judgment.*—*Motion to Amend not Demurrable.*—*Assignment of Error.*—A complaint to correct the amount of a judgment should be regarded as a mere motion for that purpose, and is not subject to be tested by demurrer, nor, on appeal to the Supreme Court, by an assignment of error that it is insufficient.

Same.—*Jurisdiction.*—*Power of Court.*—Where, in such case, a complaint in the ordinary form has been filed in the court in which the judgment was rendered, alleging the nature and amount of the mistake, such court has jurisdiction of the subject-matter, and power to make the proper correction.

Same.—*Reasonable Notice.*—*Default.*—Where notice of such proceeding is given to the defendant, by service of summons in a county adjoining that wherein such action is pending, four days prior to the term at which it is to be heard, such notice is reasonable, and gives to the court jurisdiction of his person, and if he fail to appear he may be defaulted.

From the Rush Circuit Court.

*B. F. Davis* and *R. A. Black*, for appellant.

*G. C. Clark*, *J. T. Dye* and *A. C. Harris*, for appellee.

Worden, J.—Griffith held a note against Latta for four

hundred and eighteen dollars and fifty cents, and placed it in the hands of an attorney for collection, who commenced suit thereon; but in the complaint he described the note, by mistake, as being for two hundred and eighteen dollars and fifty cents, instead of ·the true amount.

At the May term, 1873, of the court below, judgment was rendered in favor of Griffith, against Latta, for the amount due on the note, supposing it to have been given for two hundred and eighteen dollars and fifty cents, the mistake in the complaint leading to a mistake in the amount for which judgment was rendered.    The note or a copy thereof, we may assume, was filed in that action.

Afterward, Griffith filed his complaint, or motion, in the court below, to correct the mistake in the amount for which the judgment was rendered.

A summons was issued in the case, and served on the defendant, Latta, by the sheriff of Marion county, on December 11th, 1873, requiring him to appear and answer the complaint on the second day of the next term of the court, to be held on the third Monday of December, 1873.

Afterward, on January 8th, 1874, the defendant not appearing, he was defaulted, and the court proceeded to hear the cause, and made the correction.

It is assigned for error:

1st.    That the court below had no jurisdiction over the subject-matter of the action;

2d.    The court below had no jurisdiction over the person of the defendant below; and,

3d.    The complaint does not state facts sufficient to constitute a cause of action.

We are of opinion, that the paper styled a complaint should be regarded as a mere written motion, not to be tested by demurrer, nor subject to an assignment of error that it does not state facts sufficient.    *Jenkins* v. *Long*, 23 Ind. 460; *Bales* v. *Brown, ante*, p. 282.

This disposes of the third assignment of error.

As to the first, that the court had no jurisdiction over the subject-matter, we are of opinion that the court had such jurisdiction. That the court had jurisdiction to correct such mistakes, see the cases above cited; also, *Sherman* v. *Nixon*, 37 Ind. 153.

We are of opinion, also, that the court had jurisdiction over the defendant below.

The correction could only be properly made in the court where the mistake was committed, and the defendant was bound to answer the motion to correct in that court, or let the matter go by default. The summons served on the defendant may be regarded as a notice. *Jenkins* v. *Long, supra.* It was served on December 11th, and the court commenced, we believe, on the 15th. The defendant was required to appear on the second day of the term. This made four days, excluding both the day of the service and the day the defendant was required to appear.

This, it seems to us, gave the defendant ample time to make all needful preparations, and to go from Marion to Rush county.

There is no error in the record.

The judgment below is affirmed, with costs.