## HUGHES *v.* HINDS.

MISTAKE IN JUDGMENT.—*Correction at Subsequent Term.—Practice.*—A mistake in computing the amount due upon a note, and carried thence in-

69 93
151 82

to the judgment, may be corrected at a subsequent term of court on motion, when the correction depends merely upon calculation of the amount due as shown by the record.

From the Shelby Circuit Court.

*J. B. McFadden* and *J. W. Tomlinson*, for appellant.

*O. J. Glessner* and *E. S. Stillwell*, for appellee.

WORDEN, J.—William W. Hinds brought an action in the court below, against John Hughes, to foreclose a mortgage given to secure the payment of several promissory notes, all executed by Hughes to Hinds. Copies of the mortgage, and of the notes with some endorsements of payments thereon, were set out as part of the complaint in that action. Hughes pleaded payment only in that action, and the cause was tried by the court, resulting in a finding and judgment for the plaintiff therein for something over five hundred dollars. But there was a mistake made in computing the amount due upon the notes of about three hundred dollars, the real amount due being over eight hundred dollars. The mistake was not discovered until after the expiration of the term of the court. This was a motion made by Hinds, at a subsequent term, to correct the mistake.

Hughes appeared to the motion, and the matter was submitted to the court, who, upon hearing the evidence offered, granted the motion and made the proper correction at the costs of Hinds. From this action of the court Hughes appeals.

It appears by a bill of exceptions in this case, that, upon the trial of the principal action, there was no evidence offered whatever of the payment pleaded; hence there was nothing to do but compute the amount due upon the notes, deducting the payments endorsed thereon. The amount due the plaintiff depended simply upon calculation. Upon that trial the plaintiff's attorney produced the notes and mortgage and handed them to a third person to compute

the amount due upon them, who made the mistake in the computation; and, when the amount was thus erroneously computed, it was named to the court as the amount due, by the plaintiff's attorney, who was not apprised of the mistake, and the court found and rendered judgment accordingly.

It would be a reproach to the law, if such a mistake could not be corrected. There was ample matter of record by which to make the correction, viz., the copies of the notes and mortgage filed in the original action, admitted because not denied by the defendant therein ; and the correction depended merely upon calculation of the amount due as thus shown by the record.

In *Latta* v. *Griffith*, 57 Ind. 329, it was held that a mistake in the description of a note in the complaint, and carried thence into the judgment, might be corrected at a subsequent term on motion. See, also, *Miller* v. *Royce*, 60 Ind. 189, and cases there cited.

The judgment below is affirmed, with costs.