Gray v. Robinson *et al.*

No. 10,791.

## GRAY v. ROBINSON ET AL.

JUDGMENT.—*Mistake.—Correction.—Practice.*—Mistakes in judgments may be corrected by motion, and do not require either a complaint or a summons, and a complaint may be regarded as a motion and a summons as a notice; and where the controversy is heard and determined upon the evidence, the pleadings and rulings thereon are harmless.

SAME.—*Principal and Surety.*—Where a judgment is taken upon a promissory note against the principal and sureties, by mistake in computing the amount, for less than is due, and enough property of the principal levied upon to satisfy the debt, and the sureties, to save it from sacrifice, have paid the judgment, without any knowledge of the mistake made, settlement had with the principal on the basis of the judgment, taking the obligation of a third person to indemnify themselves for the sum so paid, the property having been disposed of and the principal insolvent, such judgment will not be corrected as against the sureties.

MISTAKE.—*Relief From.*—A party will not be relieved from his own mistake or carelessness, where rights have been lost or money parted with on the faith of the apparent facts.

From the Vigo Circuit Court.

*J. H. C. Royse* and *J. M. Rees,* for appellant.

*S. C. Stimson* and *R. B. Stimson,* for appellees.

BICKNELL, C. C.—Sarah C. Gray, on February 25th, 1882, recovered a judgment on a promissory note against John B. Cassaday and Marion Cassaday as makers, and Robinson, Crews and Harris as sureties. The judgment was for $1,059.14.

As against the Cassadays it was a judgment by default, but as against the sureties it was a judgment by agreement, for the amount estimated to be due as computed by the plaintiff, and announced by her in open court as the amount due.

She afterwards discovered a mistake in said estimate and announcement, and that the amount really due was $1,276.85.

She then had the cause reinstated on the docket, and filed a written motion to correct the judgment, stating therein that "the judgment was erroneously entered by the court, at the direction of the plaintiff's attorneys, for $1,059.14, when it should have been rendered for $1,276.75." This motion

was made on September 12th, 1882, and was taken under advisement.

On September 26th, 1882, the plaintiff showed the court that, upon said written motion, a summons in the common form had been issued and served upon the defendants, the Cassadays, "requiring them to answer the complaint of said Sarah C. Gray for correction of judgment." Upon this the Cassadays were defaulted, but the sureties appeared and answered the motion in two paragraphs, of which the first alleged that they appeared in the original action as sureties only, and knew nothing about the amount of the payments on the note, or the amount due, but supposed that judgment was taken for the proper amount; that, if not so taken, it was in consequence of the plaintiff's negligence, to which the defendants did not contribute; that the plaintiff had an execution issued on the judgment against principals and sureties, and levied the same upon a large quantity of wheat and other property of the principals sufficient to pay the entire debt in a reasonable time, but the plaintiff urged immediate payment, and these defendants, the sureties, to prevent a sacrifice of the wheat, which was in the shock unthreshed, were compelled to pay and did pay said judgment without knowledge of any error therein; that they then made a settlement with said principals, on the basis of said judgment, and released said property from execution, and took the obligation of a third person to indemnify themselves for the sum so paid for said principals; that said property has since been disposed of and said principals have become wholly insolvent, and if said judgment be now increased these defendants will have no remedy.

The second paragraph of the answer stated that said principals paid and satisfied said execution, and that said property, so levied on, would have been sufficient to pay the judgment, and the additional demand of the plaintiff, if it had been properly incorporated in the judgment, but that since the satisfaction of the judgment the principals have dis-

posed of all the property levied on and are now wholly in-solvent.

The plaintiff's objection to this answer and her motion to strike it out were overruled, and her demurrer to said answer was overruled. She then replied in denial.

The cause was submitted to the court, who, at the request of the defendants, made a special finding of the facts and stated the conclusions of law thereon, as follows:

1. That this court, on the 25th day of February, 1882, rendered judgment in said cause for the sum of $1,059.14 in favor of the plaintiff, Sarah C. Gray, against John B. Cassaday and Marion K. Cassaday, as principals, and against defendants, Henry C. Robinson, Alexander Crews and Richard J. Harris, as sureties, upon a promissory note, which note and the endorsements thereon are in the words and figures following:

Here follow a copy of the note and copies of several credits endorsed thereon.

2. That judgment was rendered against defendants Cassaday and Cassaday, upon default.

3. That defendants Robinson, Crews and Harris appeared to said action and answered jointly that they were guarantors of said note; that by agreement of the plaintiff with said Robinson, Crews and Harris, the court rendered judgment against them as sureties. The amount then estimated to be due, as computed by the plaintiff, and by her announced in open court, was $1,059.16, for which judgment was rendered.

4. That there was an error in the computation of the amount due on said note of $217.71, and that the true amount then due was $1,276.85, in place of $1,059.14, for which judgment was rendered.

5. That after the rendition of said judgment plaintiff caused an execution to issue thereon against both principals and sureties, and delivered the same to the sheriff of said county, who levied the same upon a large quantity of goods and chattels belonging to the principal defendants, and sub-

ject to execution, and of the value of $1,300, and sufficient to satisfy said judgment, including the additional sum erroneously omitted from said judgment, together with the costs of said suit.

6. That on the —— day of ——, 1882, the said principal defendants and the said sureties, in order to facilitate the payment of said judgment and prevent further costs, made an agreement with one Wellington Cassaday, whereby said sureties were to pay and did pay the full amount of said judgment, costs and interest thereon accrued to that date, and said Marion K. Cassaday and John B. Cassaday were to give said property to said Wellington Cassaday, who, upon his part, agreed to repay the sum so paid by these sureties to them in one year from that time; that these sureties thereupon released from the lien of the execution all said goods and chattels, and in full settlement therefor said sureties took from said Wellington Cassaday his note, secured by mortgage, for a sum equal to the judgment which said sureties had paid, and after said goods were so released, the same were all transferred to the said Wellington Cassaday by the said principal defendants, and became his absolute property.

7. That said sureties, Robinson, Crews and Harris, had no actual knowledge, either at the time of the date of the rendition of the judgment, or at the date of the payment thereof, of the said error, nor of the credits to which the principals were entitled at either of said dates, and that they, in good faith, paid the same and surrendered all their interest in the property levied upon.

8. That the goods and chattels so levied upon, released and transferred to said Wellington Cassaday embraced all the property of the principal defendants subject to execution, and that at the time of the filing of said plaintiff's motion to correct said judgment, the defendants John B. Cassaday and Marion K. Cassaday were and still are wholly insolvent; that the only evidence offered or admitted in the original suit on said note was the note itself.

9. That as to John B. Cassaday and Marion K. Cassaday, as a conclusion of law, the plaintiff's motion to correct said judgment ought to be sustained; but as to the other defendants, Robinson, Crews and Harris, the said motion ought to be overruled.

The plaintiff excepted to the conclusions of law. She also moved for judgment in her favor on the special findings. This motion was overruled. Judgment was rendered for the defendants, the sureties, pursuant to the findings, and for the plaintiff as to the principals. The plaintiff moved for a new trial for the following reasons:

1. Permitting an answer to be filed to the motion.

2. Overruling the motion to strike out the answer.

3. Overruling the demurrer to the answer.

4. Admitting evidence in proof of the answer.

5. Overruling plaintiff's motion for judgment in her favor on the special findings.

This motion was overruled. The plaintiff appealed. Errors are assigned as follows:

1. Permitting the defendants to file an answer.

2. Overruling the motion to strike out the answer.

3. Overruling the demurrer to the answer.

4. Overruling the plaintiff's motion for judgment on the special findings.

5. Overruling the motion for a new trial.

6. Overruling the motion to correct the judgment.

There was no error in overruling the motion for a new trial; none of the reasons alleged for a new trial were available for that motion. Buskirk's Prac. 113..

The only questions presented by the record are:

1. Is it an error, available on appeal, to permit pleadings and issues upon a motion to correct a mistake in a judgment.

Judgments are properly corrected by motion, and this is a summary proceeding, and does not require either a complaint or a summons. *Sherman* v. *Nixon*, 37 Ind. 153; *Hughes* v. *Hinds*, 69 Ind. 93; *Latta* v. *Griffith*, 57 Ind. 329; *Urbanski*

v. *Manns*, 87 Ind. 585. But a complaint may be regarded as a motion and a summons as a notice. *Jenkins* v. *Long*, 23 Ind. 460; *Goodwine* v. *Hedrick*, 29 Ind. 383; *Latta* v. *Griffith, supra; Miller* v. *Royce*, 60 Ind. 189.

In the present case both parties were irregular, the plaintiff in issuing a summons to answer a complaint, instead of giving notice to answer a motion, and the defendants in filing an answer when no answer was required.

But the controversy was heard and determined upon the evidence; the result was the same as if the proceedings had been summary. In such a case, the pleadings and the rulings thereon are harmless. *Bales* v. *Brown*, 57 Ind. 282. When a correct result is reached, a cause will not be reversed for an error in the mode of reaching it. *Holcraft.* v. *King*, 25 Ind. 352. There was no error in admitting evidence outside of the judgment. *Jenkins* v. *Long, supra;* Freeman Judg., p. 63, section 72.

2. Do the facts justify the conclusions of law?

The mere fact that a judgment has been paid is not a valid objection to its correction. *Sherman* v. *Nixon, supra.*

The mere fact that at the trial the plaintiff's attorney, by mistake, states to the court a less amount, as due upon the note sued on, than is really due, will not, necessarily, prevent the correction of the judgment. *Hughes* v. *Hinds, supra.*

Ordinarily, mistakes can be corrected without injury, but here the appellees were sureties; they were not liable on the execution until after the exhaustion of the property of their principals; enough property was levied upon to pay not only the judgment but also the excess now claimed; the plaintiff having demanded in open court a specific sum as due, and having taken judgment for that sum, these defendants, having no knowledge of the amount of payments made before judgment, and being about to relieve themselves of responsibility by paying the judgment, had a right to rely and act upon the plaintiff's statement publicly made in open court; and having made an arrangement which satisfied the judgment

and relieved them, but which left the principal debtors insolvent, it would be unjust to such sureties, if the plaintiff, having taken advantage of the more prompt payment secured by the arrangement, should now be permitted to increase the judgment because of her own mistake, and thus compel the sureties to pay the excess after the principals had become insolvent. Mistakes are corrected because equity requires it, but there is no equity in the correction here sought as against the sureties.

A party will be relieved against his own mistake or carelessness where no rights of third persons have intervened, but not where rights have been lost, or money parted with, on the faith of the apparent facts, without fault of any body except the party seeking relief.

The case of *Flanders* v. *O'Brien*, 46 Ind. 284, was a proceeding to correct a mortgage so as to include more land, as against a judgment creditor, who had purchased in good faith, for a valuable consideration, a judgment against the mortgagor, after the execution of the mortgage. It was held that there was no equity in favor of the plaintiff, and this court said : " It is their fault if the papers do not speak the truth, and it may be unjust that their mistakes should be cured to his injury, who has been misled by their failure to attend carefully to their own business."

In Freeman on Judgments, section 66, it is said : " The entry of judgments or decrees *nunc pro tunc*, is intended to be in furtherance of justice. * * * Generally such conditions will be imposed as may seem necessary to save the interests of third parties, who have acted *bona fide*, and without notice ; but if such conditions are not expressed in the order of the court, they are, nevertheless, to be considered as made a part of it by force of the law."

This language was referred to with approbation in *Urbanski* v. *Manns*, 87 Ind. 585, where, upon a motion to correct a judgment by a *nunc pro tunc* entry, this court held that whatever rights sureties had acquired, without notice, between the orig-

inal entry of the judgment and its correction, should have been saved to them by the order of the court.

In Freeman on Judgments, section 74, we find the following: "Amendments of the entries of judgments and of decrees, * * will only be permitted in furtherance of justice, and on such terms as shall protect the interests of third parties acquired for a valuable consideration without notice."

In the cases cited by the appellant, there was no violation of equity in the correction of the judgments, but here, if the judgment be corrected as to the sureties, they will lose their money and their remedy, without any fault of their own, by the mere negligence of the plaintiff's attorney.

We think the conclusion of the court below was right, that the appellant was not entitled to the correction of the alleged mistake, as against the sureties, under the facts stated in the special findings. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.