JOHN S. LANGLEY *vs.* SAMUEL R. HONEY *et al.*

NEWPORT—OCTOBER 8, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

False description in a deed will not vitiate the instrument if, by rejecting the false, there be left sufficient to make a good conveyance.

PETITION IN EQUITY. J. S. L. devised certain real estate to his children, one of whom predeceased the father and left among his own children S. B. T., the mother of the petitioners. The mother, shortly before her death, made a deed to her son, J. S. L. (Jr.), of which deed the following are the parts material to the question decided:—

"Whereas, by the last will and testament of John S. Langley—and by a codicil thereto—certain real and personal estate were devised and bequeathed by the said testator to his own son, Nathaniel H. Langley, now deceased, on the terms, limitations, and conditions, in said will and codicil contained—Now know all men by these presents that I, Sarah B. Thayer of said Newport, a daughter and heir of said Nathaniel H. Langley, in consideration ——— the receipt whereof I do hereby acknowledge, do hereby remise, release and forever quitclaim unto the said John S. Langley, his heirs and assigns, forever, all the right, title and interest, present and prospective, which I have or may have to any portion of the estate real or personal which I inherit or hereafter may be entitled to from my father the said Nathaniel S. Langley, and which he desired (derived?) or inherited from his father the said John S. Langley, by virtue of his said will and codicil."

Thereafterwards the grantee in said deed brought a suit for partition, and the same proceeded to a sale of the estate under the direction of the court; before the distribution of the proceeds of the sale the petitioners filed this bill, alleging that they were entitled to, and praying for, payment to them of two-fifteenths of said proceeds, on the ground that the above-described deed was nugatory for the reason that the instrument purported to convey only that which the grantor's father derived or inherited from her father "*by virtue of his said will and codicil*," and that N. H. L., having deceased before his father, derived or inherited nothing under those instruments.

PER CURIAM. The court is of the opinion that the intention of the grantor in the deed from Sarah B. Thayer to John S. Langley, dated February 27, 1872, as appears both from the deed itself and the conduct of the parties in interest, was to convey all of her interest in the estate of her grandfather, John S. Langley, to the respondent in the present petition, John S. Langley. The clause in the deed which describes this property as inherited from her father is simply a matter of false description. Rejecting this, according to well-settled rules of construction, there is still left a good conveyance. *Waterman* v. *Andrews*, 14 R. I. 589; 2 Pingree Real Pr. § 1378; 2 Devlin on Deeds, §§ 835, 836. The court is, therefore, of the opinion that the respondent, John S. Langley, took the title of Sarah B. Thayer under said deed, and that the petitioners have no valid claim to the proceeds of the land in the hands of the commissioner.

Petition denied and dismissed with costs.

*Samuel R. Honey*, for petitioner.

*Walter F. Angell*, for respondent.