Knowlton *et al. v.* Dolan.

### Knowlton et al. *v.* Dolan.

[No. 18,344.    Filed June 30, 1898.]

Appeal and Error. — *Record.* — *Bill of Exceptions.* — *Pleading.*— Where a pleading is stricken out on motion, it is not a part of the record, and can only be brought back into the record by a bill of exceptions or order of court, and if not so brought into the record it cannot be considered by the Supreme Court on appeal.  *p. 81.*

Same.—*Presumptions.*—It will be presumed on appeal that the trial court did not err in sustaining a motion to strike out a cross-complaint unless the contrary is affirmatively shown by the record. *p. 81.*

Courts.—*Correction of Records.*—Courts have the power on application to make their records speak the truth, and to correct mistakes made in entering their proceedings, orders, judgments, and decrees. *p. 81.*

Pleading.—*Correction of Record.*—A mistake in the description of real estate in a commissioner's deed and in the order-book entry thereof may be corrected by motion, and a complaint to correct the same will be regarded as a motion.  *pp. 81, 82.*

Same.—*Correction of Record.*—A motion to correct an order-book entry cannot be tested by demurrer or by assignment of error based upon the insufficiency of facts alleged; errors in rulings on such motion are harmless where a correct result is reached.  *p. 82.*

Deeds.—*Description.*—*Commissioner.*—*Order-Book Entry.*—*Partnership.*—An order of court appointing a commissioner and directing him to make a conveyance of partnership property, made in pursuance of a petition filed by plaintiff in dismissal of an action brought by him for a dissolution of partnership, containing an agreement in writing, signed by the partners thereof, to dissolve the partnership, and providing that all the right, title, and interest of defendant in and to the real estate owned by the partnership should be transferred to plaintiff, except a certain portion thereof described, will be construed with such agreement, and such order of court will not be held void for failing to describe specifically the property to be conveyed.  *pp. 82-85.*

Judgments. — *Order-Book Entries.* — *Partnership.*—*Dissolution.*—A decree of the court dismissing an action for dissolution of partnership, and appointing a master commissioner to make a conveyance

of the real estate belonging to the firm to the plaintiff in such action, upon a written agreement signed by the partners, filed by plaintiff with a petition requesting that such action be dismissed, and an order-book entry containing the commissioner's deed and its approval by the court will be considered as an entirety so as to give effect to each order contained therein. *pp. 82-86.*

JUDGMENTS.— *Collateral Attack.*—An order of court dismissing an action for the dissolution of a partnership on the application of plaintiff, one of the partners, and appointing a commissioner to make a conveyance of the real estate belonging to the partnership in accordance with an agreement filed with such application, and the approval of such deed cannot be attacked in a collateral proceeding. *pp. 86-88.*

From the Cass Circuit Court. *Affirmed.*

*Thomas J. Tuley* and *McConnell & Jenkines,* for appellants.

*DeWitt C. Justice,* for appellee.

MONKS, J.—This proceeding was brought by the appellee against appellants, the heirs at law of Charles B. Knowlton, to correct an alleged mistake in the description of real estate in a commissioner's deed, and in the order-book entry where said deed was approved by the Cass Circuit Court. The complaint was in two paragraphs, and appellants' demurrer to the same for want of facts was overruled. Appellants filed a cross-complaint, which was, on motion, stricken out. The court found in favor of appellee and rendered a judgment correcting the alleged mistake in the deed, and in the order-book entry of the court. The errors assigned call in question the sufficiency of the complaint, the action of the court in sustaining the motion to strike out the cross-complaint, and the action of the court in finding for the appellee, and rendering judgment in his favor on said finding.

It is shown by a bill of exceptions that the court sustained appellee's motion to strike out appellants'

Knowlton *et al. v.* Dolan.

cross-complaint; but said cross-complaint is not set out in any bill of exceptions, or brought into the record by an order of court. It is settled law that when a pleading is stricken out on motion, the same is not part of the record, and can only be brought back into the record by a bill of exceptions or order of court; and if not so brought into the record it cannot be considered by this court. *Dudley* v. *Pigg*, 149 Ind. 363, and cases there cited. The presumption is that the court did not err in sustaining such motion to strike out the cross-complaint, unless the contrary is affirmatively shown by the record. *Holland* v. *State*, 131 Ind. 568, 570, and cases cited. As the cross-complaint forms no part of the record, we cannot say that the court committed any error prejudicial to appellants in sustaining the motion to strike it out. *Hiatt* v. *Renk*, 64 Ind. 590; *Goodwin* v. *Smith*, 72 Ind. 113.

Many objections are urged by appellants against the first paragraph of complaint, but they are such as only apply to a complaint to correct a mistake in written instruments, and do not apply to complaints or motions to correct mistakes in the entries made in judicial proceedings. Courts have the power on application, to make their records speak the truth, and to correct mistakes made in entering their proceedings, orders, judgments, and decrees. The complaint in this case shows that the Cass Circuit Court appointed a commissioner to execute a conveyance of real estate, and that by mistake the real estate to be conveyed was not correctly described in the deed, and that said deed containing the incorrect description was entered of record in the order book of said court and approved by the court, and such approval indorsed on said deed, as required by statute. The deed executed by the commissioner could not convey any right

or title, and was not a deed, in a legal sense, until it was examined and approved by the court, which approval must be indorsed thereon as required by section 1031, Burns' R. S. 1894 (1019, Horner's R. S. 1897). The mistake, therefore, was a clerical mistake in entering the proceedings of the court. Such mistake may be corrected by motion, and a complaint to correct the same will be regarded as a motion. *Gray* v. *Robinson*, 90 Ind. 527, 531, 532; *Urbanski* v. *Manns*, 87 Ind. 585; *Hughes* v. *Hinds*, 69 Ind. 93; *Miller* v. *Royce*, 60 Ind. 189; *Latta* v. *Griffith*, 57 Ind. 329; *Sherman* v. *Nixon*, 37 Ind. 153; *Goodwine* v. *Hedrick*, 29 Ind. 383; *Jenkins* v. *Long*, 23 Ind. 460. It has been held that such motion cannot be tested by demurrer, or by an assignment of error, that it does not state facts sufficient, that the rulings on the pleadings are harmless, and that if a correct result is reached, a cause will not be reversed for an error in the mode of reaching it. *Gray* v. *Robinson, supra*, 532; *Bales* v. *Brown*, 57 Ind. 282; *Latta* v. *Griffith, supra*, p. 330; *Jenkins* v. *Long, supra*.

It is next insisted by appellants that the evidence is insufficient to sustain the finding of the court in favor of appellee. It is shown by the evidence that on the 25th of March, 1889, there was pending in the Cass Circuit Court an action, in which William Dolan was plaintiff and Charles B. Knowlton was defendant, brought to dissolve the partnership existing between them, and in which a receiver had been appointed. On said day, Dolan, the plaintiff in that action, filed a petition showing that on December 6, 1888, said plaintiff and the defendant, Knowlton, had entered into an agreement in writing, by which said partnership was dissolved, and it was provided that "all the right, title, and interest of said Knowlton in and to the real es-

tate, personal property, stock, and assets of every kind and character, owned, or in which any right may exist, of said firm of Knowlton and Dolan, is hereby transferred and set over to said William Dolan, excepting only the interest of said Knowlton in the Wabash and Erie Canal property; and said canal property is hereby declared to be the individual property of each of said parties, each of them holding the undivided one-fifteenth interest therein." It was also provided in said agreement that Knowlton should indorse to Dolan certain notes, and that Dolan should indorse to Knowlton a certain promissory note for $1,000, and that said Dolan assumed and agreed to pay all the firm debts of Knowlton and Dolan. It was provided in said agreement that "said Knowlton and wife are to make quitclaim deeds to Dolan for all said property, and Dolan and wife are to make quitclaim deeds to Knowlton for Knowlton's one-fifteenth interest in the canal property; said deeds to be made at once." Said petition also set forth that said Dolan had paid $20,122 of the indebtedness of said firm, and that the remainder of said firm debts had been arranged by him, as per the agreement, and prayed that said receiver be ordered to make a final report, and turn over all of the property of said firm in his hands to said Dolan, and that said cause be dismissed. Such proceedings were afterwards had in said cause that the court entered an order and decree that said cause and all intervening petitions be dismissed, and that the receiver turn over to said Dolan all the real and personal property of said firm, and that said agreement was confirmed, and that said receiver account to said Dolan in the matter of his trust. It was also provided in said decree, "that the cost of this proceeding be paid by the receiver out of the funds in his hands; and it is further ordered that DeWitt C.

Justice, Esq., be, and he is hereby, appointed master commissioner to make deeds of the partnership property to said Charles B. Knowlton and William Dolan, and submit the same to the court for approval." Afterwards said Justice, as such commissioner, pursuant to said order, executed a deed to said William Dolan, intending thereby to convey the real estate sold by said Knowlton to Dolan,—describing each parcel specifically,—which deed was submitted to, and approved by the court. There was a mistake in the description of a part of the real estate described in said deed. Said Charles B. Knowlton died, after the approval of said commissioner's deed, and before the commencement of this proceeding.

The grounds upon which appellants claim that said finding is not supported by the evidence are, (1) that the order book entry shows that the commissioner was ordered to convey the partnership real estate to Charles B. Knowlton and William Dolan, and not to William Dolan, as alleged in the complaint; (2) that the authority of the commissioner to make the conveyance was void, because the partnership real estate to be conveyed was not specifically described in the order; (3) that the order appointing the commissioner to make deeds for said partnership real estate, and the order approving the deed made to Dolan, were made after said cause of *Dolan* v. *Knowlton,* in which said order was made, was dismissed, and such orders were therefore void; and that, therefore, the finding of the court is not sustained by the evidence.

The order of the court that the commissioner make deeds of the partnership property to Charles B. Knowlton and William Dolan, must be construed in connection with the written agreement of said Knowlton and Dolan. When so construed, it is clear that said commissioner was ordered to convey all the part-

nership real estate, except an undivided one-fifteenth
of the Wabash and Erie Canal property, to William
Dolan, and he was ordered to convey said undivided
one-fifteenth of said Wabash and Erie Canal property
to Charles B. Knowlton.   It is true that the real es-
tate is not specifically described in the order, but the
written agreement, which was a part of the order, pro-
vided that "all the right, title, and interest of Charles
B. Knowlton in and to the partnership real estate is
hereby transferred and set over to William Dolan,"
except an undivided fifteenth of the Wabash and Erie
Canal property.   Such a description in the written
agreement was not void, nor did it render the con-
tract void; but was sufficient to identify the real es-
tate intended and to be effective to vest the equitable,
if not the legal title to said Knowlton's interest in
said real estate in said Dolan.   *Sherwood* v. *Whiting*,
54 Conn. 330, 1 Am. St. 116; *Langley* v. *Honey* (R.
I.), 38 Atl. 699; *Waterman* v. *Andrews*, 14 R. I. 589;
*McCoy* v. *Pease* (Tex. Civ. App.), 42 S. W. 659; *Brig-
ham* v. *Thompson*, 12 Tex. Civ. App. 562, 34 S. W.
358; *Witt* v. *Harlan*, 66 Tex. 661, 2 S. W. 41; *Vine-
yard* v. *O'Connor*, 90 Tex. 59, 36 S. W. 424; *Petti-
grew* v. *Dobbelaar*, 63 Cal. 396; *Chaffee* v. *Browne*,
109 Cal. 211, 41 Pac. 1028; *Lick* v. *O'Donnell*, 3 Cal.
59, 58 Am. Dec. 383; *McCulloh* v. *Price*, 14 Mont.
320, 36 Pac. 194; *Harmon* v. *James*, 7 Smedes & M.
111, 45 Am. Dec. 296; *Carson* v. *Ray*, 7 Jones, Law
609, 78 Am. Dec. 267; *Henley* v. *Wilson*, 81 N. C.
405; *Farmer* v. *Batts*, 83 N. C. 387, 389; *Hammond*
v. *Abbott*, 166 Mass. 517, 44 N. E. 620; *Melvin* v. *Pro-
prietors*, 5 Metc. 15, 38 Am. Dec. 384; *Fordyce* v.
*Rapp*, 131 Mo. 354, 368, 33 S. W. 57; 2 Ballard's Real
Prop., section 165; 3 Ballard's Real Prop., section 213;
2 Devlin on Deeds, (2nd ed.) section 1013; 1 Jones,

Real Prop., section 346; 2 Pingrey, Real Prop., section 1378.

In *Pettigrew* v. *Dobbelaar, supra,* it was held that the words, "all lands and real estate belonging to the said party of the first part, wherever the same may be situated" in the descriptive clause of a deed, passes all the real estate belonging to such party at the time the deed was executed. In *Wilson* v. *Boyce,* 92 U. S. 325, the Supreme Court of the United States said: "The generality of its language forms no objection to the validity of the mortgage. A deed 'of all my estate' is sufficient. So a deed 'of all my lands, wherever situated,' is good to pass title. *Johnson* v. *De-Lancy,* 4 Cow. 427; *Pond* v. *Berg,* 10 Paige 140; 1 Atk. on Conv. 2. A mortgage 'of all my property,' like the one we are considering, is sufficient to transfer title."

The order of the court directing the commissioner to convey said real estate to Dolan was not void, and the same is not subject to collateral attack. *Doe* v. *Henderson,* 4 Ga. 148, 48 Am. Dec. 216; *Davie* v. *Mc-Daniel,* 47 Ga. 195, 205; *Pendleton* v. *Trueblood,* 3 Jones, N. C. Law, 96; *Pittenger* v. *Pittenger,* 3 N. J. Eq. 156, 165; *Wilmurt* v. *Morgan,* cited in 9 N. J. L. 341; *Wells* v. *Polk,* 36 Tex. 126; *Robertson* v. *Johnson,* 57 Tex. 62, 64; *Davis* v. *Touchstone,* 45 Tex. 490, 497; *Hurley* v. *Barnard,* 48 Tex. 83, 88; 1 Thornton & Blackledge Administration and Settlement of Estates, p. 329. In *Doe* v. *Henderson, supra,* it was held that where the only description of the real estate in an order to sell real estate of a decedent to pay debts was "all the real estate of the decedent," (naming him) such order authorized the sale of all the real estate said decedent owned at the time of his death, and the particular description of such real estate could be set out in the deeds conveying the same to purchasers. In *Davie* v. *McDaniel, supra,* it was held that an order

Knowlton *et al. v.* Dolan.

to sell real estate, when the same was described as "the lands belonging to the estate of Uriah Blanchard, deceased," was not void on account of the general description of the real estate to be sold. The court at p. 205, said: "But it is said that the order of sale is void because it does not more definitely describe the land ordered to be sold. Section 2518 of the code requires the order to 'specify' the land 'as definitely as possible.' Conceding that the land is not so specified, yet it appears to a majority of the court that this is only directory to the Ordinary,—certainly not an objection which can be successfully urged in a collateral attack upon the judgment. *Brooks* v. *Rooney,* 11 Ga. 428." It is not the office of a description in a deed or other writing to identify; it is sufficient if it furnishes the means of identification, and that part of a deed describing the land will be construed with the utmost liberality in favor of the grantee and against the grantor. *Frick* v. *Godare,* 144 Ind. 170, 174, and cases cited; *Rucker* v. *Steelman,* 73 Ind. 396, 407; *Thain* v. *Rudisill,* 126 Ind. 272, 279; 4 Am. & Eng. Ency. of Law, (2d ed.) 801-802; Hopkins Real Prop., p. 421. It is a settled rule as to descriptions of real estate in deeds, mortgages and other writings, that, that is certain which can be made certain. 4 Am. & Eng. Ency. of Law, (2d ed.) 793-794, and cases cited in note 1, p. 794. This rule also applies to a certain extent, to decrees of courts and deeds made thereunder. *Thain* v. *Rudisill, supra,* 278-280, and cases cited; *Willson* v. *Brown,* 82 Ind. 471; *Lanman* v. *Crooker,* 97 Ind. 163.

In this case the decree of the court was that the proceedings and intervening petitions be dismissed, and that the partnership be dissolved; that the receiver turn over to Dolan all the real and personal property of the firm of Knowlton and Dolan, and that the receiver pay the costs of the proceeding out of

the funds in his hands, and that DeWitt C. Justice, Esq., be appointed commissioner to make deeds of the partnership property, and submit the same to the court for approval. Said decree was an entirety, and said orders were made at the same time, and entered in one entry in the order book of the court. After the entry of said decree, on another page of the order book, follows an entry containing the commissioner's deed, and its approval by the court. The decree is therefore to be considered as an entirety, so as to give effect to each order contained therein. So construed, the decree in regard to the appointment of the master commissioner and the execution and approval of the deeds remain in full force, and authorized the execution of the deed to Dolan, and the dismissal only took effect when said deed was made and approved, and only then to an extent not to interfere with said decree and order of the court. But, even if the court erred in making said orders, Knowlton, who was a defendant in said action, was bound thereby and could only assail them by a direct proceeding. And appellants, who claim under him, are equally bound by said decree. In *Miller* v. *Mans*, 28 Ind. 196, this court, speaking of the effect of a judgment rendered by a court after the dismissal of a cause by a plaintiff in vacation, said: "The error of the court in retaining the cause and overruling the motion to dismiss the action cannot be inquired into collaterally." Finding no available error in the record, the judgment is affirmed.