## KRAUS ET AL. v. THOMAS ET AL.

[No. 7,445. Filed October 6, 1911.]

1. APPEAL.—*Briefs.—Waiver.*—Alleged errors not discussed are waived. p. 440.

2. PARTITION.—*Quieting Title.—Complaint.—Cross-Complaint.*—A suit to quiet title to alleged interests in certain lands and for partition necessarily assails defendant's claim of title to the whole thereof; and she may assert her title in a cross-complaint and have all matters of title litigated in the one suit. p. 440.

3. QUIETING TITLE.—*Mistake in Former Decree.—Cross-Complaint.* —A cross-complaint setting out that defendant's mother had obtained an order setting over to her the real estate in question as the widow of the owner, his estate being appraised at less than $500, that the land had been erroneously described in such decree, that defendant's mother had been in possession thereof at all times and that she had conveyed it to the defendant by a correct description, and that defendant owns it, is sufficient on demurrer, the plaintiffs' complaint asserting ownership of certain interests in such land. p. 441.

4. JUDGMENT.—*Errors.—Correcting.—Evidence.*—A decree erroneously describing real estate can be corrected in a proper proceeding; and other evidence besides the decree is admissible. p. 441.

5. APPEAL.—*Right Result.*—Where the trial court reached a right result on the merits, its decision will not be disturbed. p. 441.

From Ripley Circuit Court; *Frank E. Little,* Special Judge.

Suit by Valentine Kraus and others against Dora Thomas and others. From a decree for defendants, plaintiffs appeal. *Affirmed.*

*Cornet, Rebuck & Jackson,* for appellants.

*Charles H. Willson, John O. Cravens, Charles R. Willson* and *Romney L. Willson,* for appellee Dora Thomas.

IBACH, J.—Appellants assert title to an undivided interest in certain lands in Ripley county, Indiana, and in their complaint ask that their title be quieted and that they have partition. Defendant Joseph Kraus disclaimed any interest in the land, and defendant Dora Thomas (formerly Dora Kraus) filed an answer in general denial, and also a second paragraph, which may be termed an answer in estoppel, and which contained, in substance, the following averments: That for more than twelve years she had been the owner, and in possession of the real estate described in the complaint; that she and the plaintiffs are the children and only heirs of Henry Kraus and Sophia Kraus, his wife, both deceased; that Henry Kraus died in 1895, the owner of the real estate described in the complaint, of which he had been in possession from 1845 to 1895; that his estate was worth less than $500, and it had been set off to his widow by a decree of the court in a proceeding filed by her for that purpose; that the widow remained in possession of the land until January 12, 1906, when she conveyed it by deed to appellee Dora Thomas and she has been in possession of it ever since.

It also appears in this answer that at the time the petition was filed by the widow, and during all the time her action to have her husband's estate set over to her, was pending, all the plaintiffs were residents of Ripley county, and no objections were ever made by any of them to the entering of the decree, until after the deed was made to said appellee, when they filed their suit, asking that such deed be set aside, for the reason that said widow was of unsound mind when she executed it, that it was made without consideration, and because of undue influence. It appears from the record, however, that this complaint was abandoned, and the complaint now before us followed.

Said appellee also filed her cross-complaint, in which she

asserted title to the whole of the land in controversy, and again specially pleaded the facts upon which her claim is founded, adding the further averments, that in the petition filed by the widow, Sophia Kraus, the real estate was erroneously described; that the scrivener who prepared the petition described the entire property as it had been described in the deed to Henry Kraus in the year 1854, as

"fifteen acres off of the north end of the northeast fourth of the southwest quarter of section twenty-three, township six, range ten east; all the southwest fourth of the southeast quarter of section twenty-three, township six, range ten east; also, twenty-five acres off of the south side of said section twenty-three;"

that the only real estate belonging to Henry Kraus that was correctly described in said petition, was the fifteen acres aforesaid (to which appellants make no claim), and that the remainder of the land was intended to be described as the northwest fourth of the southeast quarter of said section twenty-three, and as twenty-five acres off the south side of the northeast fourth of the southwest quarter of section twenty-three; that the grantor of Henry Kraus placed him in possession of the land, which was intended to be so correctly described, immediately after the deed was prepared, and he remained in undisputed possession thereof until his death, and the land so occupied by him, including the fifteen acres correctly described, was the only land that he possessed in said section twenty-three; also, that the land actually occupied by said Kraus was the identical land viewed and appraised in the widow's petition, when the appraisers duly appointed made the appraisement, and reported to the court that decedent's estate was worth less than $500, and was the same land that has been occupied by said widow since the decree of the court vesting all her husband's estate in her.

The record discloses two prayers for relief: one that the record and decree vesting the estate in the widow be corrected to contain the proper description, and the other that

appellee Dora Thomas's title be quieted against each and all of the appellants. She elected, upon motion of appellants, to stand upon that prayer which asked that her title be quieted. Appellants' demurrer to the cross-complaint was overruled, and an exception properly saved. Various other pleadings were filed, but the only points brought up for our consideration arise upon said appellee's cross-complaint. The trial resulted in a decree for said appellee, quieting her title according to her prayer.

Appellants, in asking this court to reverse the decree, have failed to present in a proper manner for our consideration the assignment of any error, except that the

1. court erred in overruling the demurrer to said appellee's cross-complaint. It has been held repeatedly by this court and the Supreme Court, that where an appellant fails in his brief to refer to an alleged error he waives it, and that specifications for a new trial are waived if not discussed. These rules are too well established to need citation of authority.

We shall consider the alleged error that is properly presented, and that is the important question in this appeal. It will be observed that the cross-complaint was not a cross-complaint to correct the record, but one in which said appellee asked that her title be quieted. This theory was relied on by said appellee as a result of appellants' motion to require her to make an election. This, appellants have evidently forgotten; as they discuss at much length the inherent power of the court to correct an error in a judgment.

By statute (§1116 Burns 1908, §1070 R. S. 1881), "an action may be brought by any person, either in or out of possession, * * * against another who claims title

2. to or interest in real property adverse to him, although defendant may not be in possession thereof, for the purpose of determining and quieting the question of title." By the filing of the complaint, said appellee's title

was assailed, and it was proper for her to assert her title in a cross-complaint, and thereby litigate and have determined all matters affecting the title to the property.

In her pleading she says that by a mere mistake the property owned by her had been erroneously described in the transfer to her immediate grantors, but that in her deed it had been properly described. These, sup-

3. deed it had been properly described. These, supported by the remaining averments, make her cross-complaint sufficient to withstand a demurrer for want of facts. As appellants claimed an adverse interest, the trial court had statutory authority to quiet the title. In doing this the court did not order its former decree setting aside the property to the widow to be corrected, nor was this necessary or proper in such a suit. The question of correcting this decree was not before the court after said appellee's election of prayers.

Although we are not called on to determine the question in this appeal, we may add, generally speaking, that while the merits of a decree of the lower court cannot be

4. questioned in a collateral suit, yet we are satisfied that in a proper proceeding brought for that purpose a mere clerical error can be corrected, and other evidence is admissible besides the decree itself. It would be useless to ask relief against a clerical error unless it be first shown that there is such error, and the instances are few indeed where the error appears upon the face of the record itself. *Jenkins* v. *Long* (1864), 23 Ind. 460.

We have examined the entire record in the case, including the errors assigned but not discussed, and we have also read the evidence with much care, and find, not only that

5. the court was right in overruling appellants' demurrer to the cross-complaint, but that the judgment is correct on the facts averred in such cross-complaint and in the answer, all of which seem to have been fully supported by proof on the trial.

Judgment affirmed.