**Joseph LaValle, Supervisor, Plaintiff in Error, v. Cora Droit and Cora Droit, Executrix, Defendants in Error.**

1. WILLS—*devise of trust fund for payment of debts.* On a bill in equity for accounting against the widow, individually and as executrix of a deceased village supervisor, for moneys received by him from the sale of real estate belonging to the village, where the will devised property to the widow and directed her to pay all just and lawful debts of deceased, she must be assumed in law to have individually taken such property in trust, charged with such burdens and for the satisfaction of the debts of deceased.

2. WILLS—*devise of trust fund for payment of debts.* The acceptance of a gift in a will, providing that the donee is to pay debts of the testator, creates a personal liability of the donee upon which action may be maintained.

3. WILLS—*devise of trust fund for payment of debts.* An heir, accepting a devise under a will, which directs the payment of a legacy, becomes personally bound to pay the same, even where the devise proves to be less in value than the legacy, and payment can be enforced in a suit in equity against the real estate or by a common-law action directly against the devisee on promise implied by the acceptance of the devise.

4. WILLS—*devise of trust fund for payment of debts.* Provisions in a will, consistent with an intention on the part of the testator to have his debts paid in the usual course of administration, are not sufficient to raise a trust in favor of creditors, but when he specially charges the payment of his debts upon a particular fund, a trust is created, as against the devisee accepting such fund, in favor of the creditors.

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 10, 1913.

WINKELMANN & OGLE, for plaintiff in error.

D. J. SULLIVAN, for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error filed his bill in equity averring that Camille W. Droit in the year 1900 was elected and qualified supervisor of the village of Cahokia for the term of two years and that in March, 1902, he was again elected and qualified as such supervisor and so remained until March 7, 1906; that during his terms of office, he, by virtue of his office, sold and conveyed lands belonging to the inhabitants of said village to various purchasers, for which he received the purchase money amounting in the aggregate to the sum of $3,795.85.

It was further averred that his successors in office, including plaintiff in error, demanded an accounting from him for said purchase moneys but that he failed and refused to account for and pay over the same.

It was further alleged in the bill that said Camille W. Droit on the 23rd day of November, 1907, died testate leaving a will which was admitted to probate, in which he devised to his wife Cora Droit all his real and personal property by the following provision, to-wit: "I bequeath to my beloved wife Cora Droit, nee Illinsky, all my real and personal property to have and to hold and possess without restriction except that she has to pay out of this real estate and personal property all my just and lawful debts, including two hundred dollars which I promised and have not yet paid to the Roman Catholic Church and congregation of the Holy Family of Cahokia, St. Clair county, Illinois."

It was further averred that Cora Droit was appointed executrix of the estate of said Camille W. Droit on December 10, 1907; that she duly qualified and entered upon the discharge of her duties; that the testator died seized of real and personal estate which said Cora accepted and took under the provisions of said will, and was receiving the benefit thereof.

The bill, prays an accounting of the moneys received by said testator as supervisor and that plaintiff in error have a lien on the land devised by said will to Cora Droit for the amount found due. The bill made Cora Droit individually and as executrix of the will, parties defendant and in such several rights she interposed demurrers to the bill. The court sustained the demurrers for want of equity and adjudged the costs against plaintiff in error and such action is assigned by him as error in this court.

The bill is based upon the theory that the aforesaid provision of the will made all of the testator's debts a charge upon the property devised to appellee enforcible in a court of equity and that appellee took such property subject thereto. It is not alleged any claim was ever filed in the Probate Court against the estate of the testator to recover therefrom the moneys claimed in this proceeding. In plain language the will indicates the intention of the testator in two respects, one was to devise to his wife, Cora Droit, all his property both real and personal, which description was sufficient to pass the title to all the property he possessed at the time of his death, without a more minute or particular description of the same. Wilson v. Boyce, 92 U. S. 325; Knowlton v. Dolan, 151 Ind. 81. The other was, that she should have, hold and possess such property without restriction, except that out of the same, she must pay all of the testator's just and lawful debts. Mrs. Droit, the devisee, took possession of the property after the death of her husband and in so doing, must be assumed in law, to have taken it charged with

the burden placed upon it by the will. It is true the will named Cora Droit as executrix but the direction given was not that she pay the testator's debts as executrix, but that she receive the property in person and that personally she was to pay said debts out of such property.

In Brown v. Knapp, 79 N. Y. 136, it is said: "It is well settled that when a legacy is given and is directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy and the rule is the same when the legacy is directed to be paid by the executor, who is the devisee of real estate. If the devisee in such case accepts the devise, he becomes personally bound to pay the legacy and he becomes thus bound even if the land devised to him proves to be less in value than the amount of the legacy. If he desires to escape responsibility, he must refuse to accept the devise, if he does accept, he becomes bound to pay the whole amount of the legacy, which he is directed to pay.  *  *  *  The payment of such a legacy, can be enforced by a suit in equity against the real estate or by a common law action directly against the devisee upon the implied promise to pay it—a promise implied by his acceptance of the devise."

In Gridley v. Gridley, 24 N. Y. 130, where a will gave all the testator's real and personal estate to a person with a provision that the donee was to pay all the testator's debts, and a certain annuity, it was held that the acceptance of the gift and the taking possession of the property devised, created a personal liability of the donee, upon which an action might be maintained. Along the same lines is the case of Fuller v. McEwen, reported in 17 Ohio St. 288. In that case the will directed that all the just and lawful debts and liabilities of the testator, be first paid and subsequently contained the following provision: "I give and bequeath to my son Alexander Fuller all the residue of

my property, both real and personal, out of which it is my will that he pay all my just debts." In the course of the opinion in that case it is said, "The original action is brought against the defendant below, not in his capacity and character of executor of his father's will; not for the enforcement of the execution of a trust attaching to property bequeathed to him in trust for the payment of the amount due on the note remaining in the hands of the plaintiff below; but against the defendant below in his individual capacity on his promise implied by, and his obligations resulting from, his acceptance of the residuary bequests charged with the payment of all the debts of the estate. That the plaintiff below might have maintained an action if prosecuted in due time against the defendant below, as executor of the will on the note, is very clear and that he could have gone into equity and charged the residuary bequests as being held by the defendant below in trust for the payment of the note, is equally clear." And it was also further said, that the plaintiff below had the right to bring his action "against the legatee in his individual capacity on his personal obligation and promise implied by law from his acceptance of the bequest charged by the will with the payment of the debts."

Defendants in error contend that in order to subject the property of the testator to the payment of debts, claims for the same should have been first filed and allowed in probate. The holding of the Supreme Court of this state in Harris v. Douglas, 64 Ill. 466, to the effect, that certain words of the will there in controversy were used with reference to the provision of the statute and simply meant that the debts of the testator were to be paid in due course of administration and under direction of the County Court, is relied on by defendants in error to support their contention. In that case, however, the provisions of the will relied on, were that the debts of the testator should be paid

out of any money he might have, and that so much of the property real and personal, at the discretion of his executor, should be sold, as should be necessary to pay his debts; that after the payment of said debts all the residue of his property, personal and real, should be divided in two equal parts, one part of which should belong to his children and the other to his wife. The language there used is manifestly different from the language used in the will of the testator Droit, where he bequeathed to his wife, all his real and personal property with a restriction amounting to a condition that she pay out of the same, all his just and lawful debts. While it is true that loose expressions in a will, consistent with an intention on the part of a testator to have said debts paid in the usual course of administration or general provisions for the payment of such debts, are not sufficient to raise a trust in favor of creditors, yet where the testator specifically charges the payment of his debts upon a fund named by him, a trust is created as against the devisee taking the fund so charged, in favor of the testator's creditors. It clearly appears from the will in this case, that it was the intention of the testator, his wife should take all of his property real and personal, as a fund charged with the payment of all his debts and she must therefore be held to have received the property in trust so far as may be necessary for the satisfaction of such debts.

The court below should have overruled the demurrer of defendants in error to the bill of complaint and its order sustaining the demurrer and dismissing complainant's bill of complaint for want of equity with costs adjudged against him, will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*