[Department One. — May 11, 1883.]

## J. J. PETTIGREW, RESPONDENT, *v.* JACOB DOBBELAAR, APPELLANT.

DEED — SUFFICIENCY OF DESCRIPTION. — The action was ejectment, and plaintiff introduced two deeds in support of his title. The first, after stating that the property was situated in the city and county of San Francisco, State of California, described it as follows: "Gift Map No. 2, lots No. 398 to 405 inclusive," etc. The descriptive clause of the second deed was as follows: "All lands and real estate belonging to the said party of the first part wherever the same may be situated, together," etc. This deed was executed in Illinois. *Held,* 1, that if there was a map of lands in San Francisco known as "Gift Map No. 2," the description in the first deed is sufficient; and 2, that if the lands in controversy belonged to the grantor mentioned in the second deed, they passed by the execution of that deed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the head note and opinion of the court.

*N. B. Mulville,* for Appellant, cited § 1092, Civ. Code; § 2077, Code Civ. Proc.; *Stanley* v. *Green,* 12 Cal. 149.

*R. W. Hent,* for Respondent.

PER CURIAM. — Appeal by defendant from a judgment for the recovery of certain lands.

Appellant claims the deed from Harvey to Lacey is void, because it contains no description of the lands sought to be conveyed.

The deed purports to remise, release, and forever quit claim . . . . those certain pieces and parcels of land in the county

of San Francisco, State of California, bounded and particularly described as follows, to wit: " Gift Map No. 2, lots No. 308 to 405 inclusive. Gift Map No. 2, lots No. 406, 407; together with all tenements, hereditaments thereto belonging, and also all the estate, right, title, and interest," etc.

If there was a map of lands in San Francisco known as "Gift Map No. 2," the description is sufficient. We cannot say, therefore, that it is insufficient. (*Penry* v. *Richards*, 52 Cal. 496.)

Appellant also urges the second deed from Harvey to Lacey contains no description, and is void. The descriptive clause is, "all lands and real estate belonging to the said party of the first part, wherever the same may be situated, together," etc.

If the lands in controversy *belonged* to Harvey they passed by the deed last mentioned. (*Lick* v. *O'Donnell*, 3 Cal. 59.)

The testimony of Harvey—if believed by the court below, and it would appear from the finding it was believed—proved that defendant occupied with the consent of plaintiff's grantor, with an agreement on his part that he would surrender possession on demand. The demand was made.

Judgment and order denying new trial affirmed.