## McCULLOH, Respondent, v. PRICE, Appellant.

[Submitted October 6, 1893. Decided April 9, 1894.]

Deeds—*Description—Assignments.*—A description of real estate in a deed of assignment, as all the lands of the grantor of every description belonging to him and wheresoever situated, passes the title of the lands to the assignee, and is not insufficient as being too general.

Same—*Assignment—Exemption.*—A deed of assignment conveying all the grantor's lands is not void for uncertainty in that it excepts property exempt from execution under the laws of the state, which exempt property is not specifically described.

*Appeal from First Judicial District, Lewis and Clarke County.*

Ejectment. The cause was tried before Hunt, J. Plaintiff had judgment below. Affirmed.

*Henry C. Smith,* for Appellant.

*H. G. McIntire*, for Respondent.

A deed of assignment containing a general description of the property assigned is sufficient to pass the title to real estate. In the following authorities deeds, mortgages, and assignments for the benefit of creditors have all been discussed. (*Wilson* v. *Boyce*, 92 U. S. 320–25; *Brashear* v. *West*, 7 Pet. 608–14; *Pettigrew* v. *Dobbelaar*, 63 Cal. 396; *Lick* v. *O'Donnell*, 3 Cal. 59; 58 Am. Dec. 383; *Frey* v. *Clifford*, 44 Cal. 343; *Sadler* v. *Immel*, 15 Nev. 269; *Brown* v. *Warren*, 16 Nev. 237; *Kellogg* v. *Slawson*, 15 Barb. 58; *Platt* v. *Lott*, 17 N. Y. 478; *Turner* v. *Jaycox*, 40 N. Y. 472; *Raynor* v. *Raynor*, 21 Hun, 36; *Jackson* v. *Delancey*, 11 Johns. 365; *Strong* v. *Lynn*, 38 Minn. 315; *Jamaica etc. Corp.* v. *Chandler*, 9 Allen, 159; *Harmon* v. *James*, 7 Smedes & M. 111; 45 Am. Dec. 296; *Blair* v. *Bruns*, 8 Col. 397; *Bitner* v. *New York etc. Land Co.*, 67 Tex. 341; *Harvey* v. *Edens*, 69 Tex. 420; *Prettyman* v. *Walston*, 34 Ill. 175; *Bird* v. *Bird*, 40 Me. 398; 6 Lawson's Rights, Remedies, and Practice, § 3017, p. 4889; Boone on mortgages, § 6; 1 Jones on Mortgages, § 65; Burrill on Assignments, § 95, p. 137.) It is proper to insert in an assignment a clause excepting exempt property from its terms. (Burrill on Assignments, 137, 138; 4 Lawson's Rights, Remedies, and Practice, § 1988, p. 3388, note 12; *Richardson* v. *Marqueze*, 59 Miss. 80; 42 Am. Rep. 353.)

DeWitt, J.—This is an action in the nature of ejectment, in which plaintiff recovered judgment. A motion for a new trial was denied. From this order, and from the judgment, defendant appeals.

Respondent contends that the order denying the new trial cannot now be reviewed, because the notice of motion was not filed in time. But we may pass this contention, because the only point made upon the motion for a new trial is also properly preserved in a bill of exceptions; thus becoming part of the judgment-roll, and reviewable on the appeal from the judgment. That point is as follows: Plaintiff relied for title to the premises in controversy upon a deed of general assignment for the benefit of creditors made by Bennet Price, defendant, to S. E. Atkinson, as his assignee, said Atkinson

afterwards conveying to plaintiff. When the deed of assignment was offered in evidence as part of plaintiff's chain of title defendant objected to it upon two grounds. His objections were overruled. He excepted, and now urges error in this respect.

The first objection was that, in the deed of assignment, the description of the property was insufficient to pass the title to real estate. The instrument was executed by this defendant and J. H. Jurgens and wife. The granting and descriptive portion of the deed of assignment is as follows: "Said parties have," etc., "and by these presents do grant, bargain, sell, assign, transfer, and set over to," etc., "all and singular, the lands, tenements, hereditaments, and appurtenances, goods, etc. [describing personal property], of every description, belonging to the said parties of the first part, or either of them, or in which they, or either of them, have any right or interest . . . . and wheresoever said property, or any part thereof, may be situated."

This description, appellant contends, is insufficient, as being too general. He does not cite us to any authorities supporting his contention. The description is of all the lands of this appellant, of every description, belonging to him, wherever situated.

The United States supreme court said in *Wilson* v. *Boyce*, 92 U. S. 325: "The question is, Does the word 'property,' in the statute, create a valid lien on these lands? The generality of its language forms no objection to the validity of the mortgage. A deed 'of all my estate' is sufficient. So, a deed 'of all my lands, wherever situated,' is good to pass title. (*Jackson* v. *De Lancey*, 4 Cow. 427; *Pond* v. *Bergh*, 10 Paige, 140; 1 Atkinson on Conveyancing, 2.) A mortgage 'of all my property,' like the one we are considering, is sufficient to transfer title."

We also cite as follows from *Pettigrew* v. *Dobbelaar*, 63 Cal. 396: "Appellant also urges that the second deed from Harvey to Lacey contains no description, and is void. The descriptive clause is, 'All lands and real estate belonging to the said party of the first part, wherever the same may be situated, together,' etc. If the lands in controversy belonged to Harvey they

passed by the deed last mentioned. (*Lick* v. *O'Donnell*, 3 Cal. 59; 58 Am. Dec. 383.)"

In the case at bar there is no question but the lands belonged to Price when the assignment was made. The contention in this case is between assignor and assignee's grantee. There is no claim that this general description attempted to cover any fraud, or was likely to work any fraud. There is no reference to any schedule to limit the general description. Under all these circumstances, there can be no doubt that the description of the premises was sufficient. (*Frey* v. *Clifford*, 44 Cal. 343; *Brown* v. *Warren*, 16 Nev. 237; *Prettyman* v. *Walston*, 34 Ill. 175; *Kellogg* v. *Slawson*, 15 Barb. 58; *Harmon* v. *James*, 7 Smedes & M. 111; 45 Am. Dec. 296; *Strong* v. *Lynn*, 38 Minn. 315; *Jackson* v. *De Lancey*, 11 Johns. 365; 6 Lawson's Rights, Remedies, and Practice, § 3017, p. 4889; 1 Jones on Mortgages, § 65; Burrill on Assignments, 5th ed., § 95.)

The second objection made to the introduction in evidence of the deed of assignment was that it was void for uncertainty, in that it provides that certain exempt property shall be excepted from the operation of the deed, which exempt property is uncertain in amount. To the descriptive part of the deed, which we have quoted heretofore in this opinion, is added the clause, "Except what are exempt to them (the first parties), or either of them, from execution, by the laws of Montana Territory."

Appellant cites us to no authority holding that such exception renders the deed of assignment void, nor does he suggest any reasons why it should be so held. It was, indeed, so held in Tennessee; but the Tennessee decisions were reviewed, and, as we think, their reasons refuted, in *Richardson* v. *Marqueze*, 59 Miss. 80, 42 Am. Rep. 353, in which case the court says, after speaking of the Tennessee cases:

"But we dissent from them, in thinking that a failure specifically to describe the exempt property renders the conveyance void for uncertainty. If it has any evil effect whatever, manifestly, it must be to render void the claim for exemption, and to cause a forfeiture of such claim. It is the exception or reservation that is insufficiently described, and thereby left uncertain and void, while the conveying words of the instrument, being

definite, and embracing all the property of the grantor, must be operative to pass it all. The rule is well settled that in order to except certain property out of a conveyance, which without the exception would carry all, the words of exception must be as definite as those required to convey title, and that if they are not so the whole property passes. An exception must be a part only of the thing granted; must be a particular thing out of the general one, and must be described with certainty. (Coke on Littleton, 142 *a.*) In a grant of land, excepting one and a half acres, the exception is void for uncertainty, and the title to the whole passes to the grantee. The language both of grants and of exceptions is to be taken strongly against the grantor. (*Darling* v. *Crowell*, 6 N. H. 421, and cases cited.) We agree, however, with the supreme court of Michigan, in *Smith* v. *Mitchell*, 12 Mich. 180, that a reservation of exempt property, without a minute specification of it, neither avoids the deed, nor is void in itself for uncertainty. That is certain which may be made certain. The law fixes the amount of the exemption, and points out the mode of its ascertainment. It was remarked by the court, in the case last cited, that 'a *bona fide* selection is as practicable here as under a levy.' We are not aware that officers holding executions or attachments ever experience any difficulty in finding out what is and what is not exempt by law to the debtor; and this, it would seem, can be as readily done by an assignee under a general assignment. Where the right of selection resides in the debtor, he can easily be made to exercise it, or forfeit it; and to compel him to do so would seem far more reasonable than to declare a conveyance embracing thousands of dollars' worth of property void, because of the failure accurately to enumerate and describe the two mules, or the four cows and calves, that he claims as exempt."

The authorities are with the view expressed in the Mississippi case. (See cases therein cited; also, Burrill on Assignment, 5th ed., § 96, p. 142; 4 Lawson's Rights, Remedies, and Practice, § 1988, p. 3388, and cases cited in these textbooks.) Whatever was said in *Goll* v. *Hubbell*, 61 Wis. 293, following the Tennessee cases, and looking to appellant's view of this matter, was abandoned upon a rehearing of the case

(*Goll* v. *Hubbell*, 61 Wis. 300), following the case of *First Nat. Bank* v. *Hackett*, 61 Wis. 336.

We are therefore of opinion that the objections to the deed of assignment were properly overruled. The judgment is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD, J., concur.