[S. F. No. 682.   Department One.—March 3, 1898.]

NELLIE OLSEN, Respondent, v. P. B. ROGERS et ux., Appellants.

EJECTMENT—BOUNDARY OF LOT—REFERENCE TO MAP—EVIDENCE—SURVEY AND DIAGRAM OF REAR LOT—CONVEYANCE OF OTHER LOTS.—In an action of ejectment, which turned upon the location of the disputed southern boundary of a city lot, and in which the plaintiff deraigned title through a deed referring to a map whereon the numbered lot claimed by plaintiff was delineated as fronting on a certain street, and as being twenty-five feet in front and rear and the fifth lot northerly from a certain avenue, and as adjoining another lot in the rear fronting on a parallel street, and located within the extension of the north and south lines of plaintiff's lot, evidence of a survey and diagram of such rear lot, showing the distance of its southern boundary from such avenue, and also a conveyance from the same grantors of the other four lots lying between plaintiff's lot and such avenue, describing them as being each twenty-five feet in width in front and rear, are admissible and relevant to indicate the distance from the avenue of the southern boundary of plaintiff's lot.

ID.—ADMISSION OF MAP WITHOUT OBJECTION—CONCESSION OF GENUINENESS—IMPROPER MOTION TO EXCLUDE.—Where plaintiff's deed referred to a map for description and not to a record of the map, and the map referred

CXX. CAL.—15

to, when offered in evidence, was conceded to be the genuine original map, and was admitted without objection, a subsequent motion to exclude it was properly denied.

Id.—Block Books from Assessor's Office Inadmissible.—Where the defendants did not claim to have paid taxes on any other lots than those claimed by them and the assessment-roll showed that their lots were simply assessed by number and with reference to the same map referred to in plaintiff's deed, without giving metes and bounds or specifications of any kind, the block-books from the assessor's office are irrelevant and inadmissible upon any issue relating to the disputed boundary between the lots of plaintiff and defendants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

George C. Sargent, for Appellants.

William A. Lawson, for Respondent.

HARRISON, J.—Ejectment to recover a lot of land in San Francisco, described in the complaint as lot number three hundred and eighteen, as delineated upon gift map No. 3. The court found the plaintiff to be the owner of the lot, and that its boundaries began on the west side of Chapultepec street, one hundred feet northerly from Virginia avenue, and running thence twenty-five feet northerly, with a uniform depth of seventy feet. Judgment was rendered in her favor, and the defendants have appealed. The plaintiff deraigned title to the lot through a deed made by Brown and Cobb November 26, 1861, conveying a lot described as in "Bernal rancho, city and county of San Francisco, and known upon gift map No. 3 as and by the number three hundred and eighteen, being twenty-five feet in width in front and rear, and seventy feet deep," and the controversy between the parties is, whether a strip of land of about five feet in frontage in the possession of the defendants is a portion of this lot. The solution of this question depends upon the location of the southern boundary of lot three hundred and eighteen, as this forms the dividing line between the lands claimed by the respective parties. Upon this question, however, there was a direct conflict of evidence, and the decision of the trial court is not open for review.

For the purpose of determining the location of this land a surveyor, Wilberg, called as a witness on behalf of the plaintiff,

testified that he had made a survey of lot three hundred and
seventeen in this block, and, in connection with his testimony,
the court received in evidence, against the objection of the
defendants, the diagram of his survey of this lot.

There was no error in this. The block of land which includes
the lot in controversy is delineated upon gift map No. 3 as
bounded by Virginia avenue on the south, Esmeralda avenue on
the north, Prospect street on the west, and Chapultepec street on
the east, and is divided into twenty subdivisions from north to
south, extending from Prospect street to Chapultepec street, and
each of these subdivisions is bisected by a line running from
Virginia avenue to Esmeralda avenue, making forty subdivisions
in the block.   Lot three hundred and eighteen fronts on Cha-
pultepec street, and is the fifth lot northerly from Virginia ave-
nue.  Lot three hundred and seventeen fronts on Prospect street,
and lies directly in the rear of lot three hundred and eighteen,
and within the extension of its north and south lines to Prospect
street.  The distance of lot three hundred and seventeen from
Virginia avenue was, therefore, relevant for the purpose of deter-
mining the distance of lot three hundred and eighteen from the
same street.

For the same reason the court properly received in evidence
the conveyance by Brown and Cobb of the four lots lying between
lot three hundred and eighteen and Virginia avenue.  These
lots are delineated upon the map as three hundred and twenty,
three hundred and twenty-two, three hundred and twenty-four
and three hundred and twenty-six, and are described in the con-
veyance as being "each twenty-five feet in width in front and
rear."  The description and reference to the map tended to
show the dimensions of the several subdivisions of the block, and
was also relevant for determining the distance of lot three hun-
dred and eighteen from Virginia avenue.

Gift map No. 3 was received in evidence without objection,
and the subsequent motion of defendants to exclude it was prop-
erly denied.  The deed to the plaintiff's grantor referred to this
map for the description, and not to a record of the map.  It is
not disputed that the map was made prior to the deed, and when
offered in evidence it was conceded to be the genuine original
map.  (See *Pettigrew v. Dobbelaar*, 63 Cal. 396.)

The block books from the assessor's office were irrelevant to any issue in the case. It was admitted that the original assessment-rolls show that lots three hundred and eighteen to three hundred and twenty-six, inclusive, have always been entered thereon simply by numbers and reference to gift map 3, without metes and bounds or specifications of frontage in feet or otherwise, and the defendants did not claim to have paid taxes on any other lots than those which were assessed as lots three hundred and twenty to three hundred and twenty-six, both inclusive.

The judgment is affirmed.

Garoutte, J., and Van Fleet, J., concurred.