MARTHA POWERS *et al.* v. ALBERT D. SCHARLING.

No. 12,105. (67 Pac. 820.)

SYLLABUS BY THE COURT.

1. CONVEYANCES— *Writing both Contractual and Testamentary.* A writing properly drawn, signed, witnessed and acknowledged may be contract in part and testamentary in part.

2. ———— *Life-estate in Grantor— Other Reservations.* A conveyance of real estate otherwise legal is neither void nor revocable because it is subject to a life-estate in the grantor, the payment of his debts, expenses of his last illness and funeral, and certain bequests.

3. ———— *Description of Property—Extrinsic Evidence.* A deed is not void for want of description when by extrinsic evidence it may be made certain.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed February 8, 1902. Reversed.

*Edwin A. Austin* and *R. H. Kane,* for plaintiffs in error.

*Thomas Dever,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: Martha Powers, for herself, and as trustee for Harriet Campbell, sued in the district court of Dickinson county in ejectment for the possession of certain described real estate.

Their title is a written instrument incorporated into the petition by proper averments, and called "The last will and testament of David Sebrill." The deceased, after providing for the payment of his debts, including those of his last illness and funeral expenses and the probating of his will, gives and bequeaths to one of his sons, naming him, all the indebtedness due from said son to him at that time, and directs his ex-

ecutor to deliver to said son an acquittance, and to his three remaining sons, naming them, five dollars each.

The instrument then reads :

"*Eighth.* I give, devise and bequeath unto my beloved daughter Harriet Campbell, as well in consideration of the natural love and affection I bear her as in consideration of the services she has rendered me when under no legal obligation to do so, both before and after she became of age, in health and sickness, the undivided one-half of all the rest and residue of my estate, real, personal, and mixed, wheresoever situate, after the payment of the said debts, expenses, and bequests, to her and her heirs forever.

"*Ninth.* I give, devise and bequeath unto the said Harriet Campbell, as trustee to and for the use, benefit and behoof forever of Martha Powers, my beloved daughter, and her children, the undivided one-half of all the estate, real, personal, or mixed, of which I shall die seized or entitled to in law or equity, after the payment of the said debts, expenses, and bequests. And I direct my said daughter Harriet Campbell, as she is my daughter, to permit my said daughter Martha Powers to live upon one-half of my home place in Dickinson county, Kansas, which my two daughters aforesaid helped me to improve, as and for her homestead, if the said Martha Powers shall desire. I also empower my said daughter Harriet Campbell to sell and dispose of the said trust estate and to reinvest the funds arising therefrom in other real estate whenever in the best judgment of the said Martha Powers and also of the said Harriet Campbell the interests of the said Martha Powers and her child or children will be best subserved by such a course. . . . In case said Martha Powers desires to reside upon a part of my said home place as and for her homestead, I direct a partition to be made by and between my said two daughters in an amicable manner ; but, under all circumstances, the said estate hereby created, conveyed to and vested in my said daughters shall be subject to the payment of the debts,

expenses and legacies hereinbefore mentioned and de-described.

"*Tenth.* I desire and design to, and I do by this paper writing (both a will and deed) create, convey to and vest in my beloved daughter Harriet Campbell a present interest and estate in and to all the estate of which I am now or shall be at the time of my death seized or to which I am now or shall be then entitled, to the extent of one-half thereof, always, however, subject to the payment of the said debts, expenses and legacies heretofore mentioned and also to a life-estate in me for and during the period of my natural life, and this present interest and estate I make upon a good and valuable and sufficient consideration from said Harriet Campbell, in addition to the consideration of natural love and affection I bear towards her. And I further desire and design to, and I do by this paper writing (both will and deed) create, convey to and vest in said Harriet Campbell, as trustee for and to the use of said Martha Powers and her child or children, in the manner and for the purpose set forth and declared in the ninth clause hereof, a present interest and estate in and to all of the estate of which I am now or shall be at the time of my death seized, or to which I am now or then shall be entitled, to the extent of one-half thereof, always, however, subject to the debts, expenses and legacies hereinbefore mentioned and subject to a life-estate in me in the same for and during my natural life, and this present interest and estate I now here create, convey to and vest in the said Harriet Campbell to and for the use of said Martha Powers and her child or children upon good, valuable and sufficient consideration, as well as upon the consideration of natural love and affection, but this last-mentioned interest and estate is made subject to the limitations and conditions mentioned and described in the ninth clause hereof and for the purposes therein stated . . . . I appoint Solon Hall to be the executor of this my last will and testament and request him to act, if he can conveniently.

"In testimony whereof, I hereunto subscribe my

name and affix my seal, this 15th day of April, A. D. 1896, first erasing the name of 'Herman,' and interlining the word 'Solon' at Topeka, Kan.

his<br>
DAVID X SEBRILL."<br>
mark.

This instrument is properly witnessed as a will and acknowledged before a notary as a deed.

To this petition the defendant below demurred. Before the argument of the demurrer, the parties entered into the following stipulation :

"Plaintiffs and defendant in the above-entitled action agree that the court, in considering defendant's demurrer to plaintiffs' second amended petition, shall construe and determine the nature and character of the written instrument attached as 'Exhibit A' to said second amended petition, and, if the court finds and determines that said written instrument is testamentary, and was revocable by David Sebrill, the maker thereof, then, and in such event, the court shall sustain said demurrer generally. But, upon the other hand, if the court shall find and determine that said written instrument is a contract, and consequently not revocable by the said David Sebrill, then, and in such event, the court shall overrule said demurrer generally. In either event, however, the losing party to be allowed to take exception to the court's construction and interpretation of said written instrument, and also to the consequent ruling in sustaining or overruling, as the case may be, of said demurrer, based upon the construction and interpretation given by the court to said written instrument."

The demurrer was sustained and judgment rendered thereon for defendant.

An instrument may be testamentary in part and contract in part. It was aptly said by Mr. Justice Lumpkin, in Robinson v. Schly and Cooper, 6 Ga. 515, 528, a case similar to the one under consideration :

"Must a conveyance be necessarily homogeneous?

Or can it not be a deed in part, and a will as to another part?  What is there to prevent a person, in the same instrument, to sell or give a piece of property to one, and to will another piece. to the same individual?  A., in consideration of love and natural affection or $500 paid him by B., gives or sells to B. a negro by the name of Jim, and wills and bequeaths at his death the rest of his estate, real and personal, to the said B. Can legal ingenuity suggest a plausible reason for not construing this instrument a deed of gift or bill of sale as to Jim, and a will as to the residue of A.'s property?''

In determining whether an instrument be a deed or will, the question is, Did the maker intend to convey any estate or interest whatever to vest before his death and upon the execution of the paper ?  Or, on the other hand, did he intend that all the interest and estate should take effect only after his death ?  If the former, it is a deed ; if the latter, a will.

If, however, the testator intended that the grant should take effect upon the execution of the instrument as to certain of his property then in possession, and as to certain other of his estate not until his death, the instrument, having been properly executed, would be a contract, and irrevocable as to that part in possession and to which it was intended to vest the title, and testamentary as to the residue ; this is true although the conveyance is made subject to certain bequests, payment of debts after death, and a life-estate reserved in the grantor ; in such case the remainder in possession vests immediately upon the execution of the instrument, although possession and enjoyment are postponed. (*Jordan v. Jordan's Adm'r*, 65 Ala. 301; *Wall et al. v. Wall*, 30 Miss. 91, 64 Am. Dec. 147.)

The instrument in question must be held a deed at least in part.  The language is : '' I do by this paper

writing create, convey to and vest in my beloved daughter Harriet Campbell a present interest and estate in and to all the estate to which I am now seized." Like provisions are made for the other daughter, Martha Powers, and in both instances the instrument states that this present interest and estate are made upon a good, valuable and sufficient consideration from said parties, in addition to the consideration of natural love and affection. These expressions are in the present tense, indicating an intention to vest the estate *in presenti*.

It is also contended that this instrument is void for want of description of the property. It says :

"And I direct my said daughter Harriett Campbell, as she is my daughter, to permit my said daughter Martha Powers to live upon one-half of my homestead place in Dickinson county, Kansas, which my two daughters aforesaid helped me to improve, as and for her homestead, if the said Martha Powers shall desire. . . . In case said Martha Powers desires to reside upon a part of my home place as and for her homestead, I direct a partition to be made by and between my said two daughters in an amicable manner."

It would appear from this statement that at the time this instrument was executed the grantor was the owner of property in Dickinson county, designated and known as his "homestead" or "home place." This description is sufficient to permit parol testimony to show what and where this "homestead" or "home place" was located. In *Cleveland v. Obenchain*, 107 Ind. 593, 8 N. E. 624, the court said : "It is a familiar rule that it is not the office of a description to identify lands, but simply to furnish the means of identification. . . . Parol evidence is, therefore, often necessary to make descriptions intelligible."

In *Bell v. Woodward*, 46 N. H. 315, it was held that

Powers v. S·harling.

by a grant of a farm by a general description all those parcels were passed which were at the time of the grant used and cultivated together, and that this may be shown by parol evidence.    That description is sufficient which, with the help of extrinsic facts, may be made certain.

In *Am. Cent. Ins. Co. v. McLanathan*, 11 Kan. 533, where the insured described his property as "the frame dwelling-house occupied by him, situated on the southwest corner of Second and Vine streets, Leavenworth, Kansas," when as a matter of fact he had never occupied the house so situated, but lived on the southwest corner of Second and Elm streets, it was held that he might show by extrinsic evidence that the description given was wrong and be allowed to give the right one.

The property described in this instrument is the "homestead or home place of the grantor in Dickinson county," which these daughters "helped to improve," and is sufficiently definite to be easily ascertainable by extrinsic evidence ; this being true, the description is not so defective as to render the conveyance void.    (*McCulloh v. Price*, 14 Mont. 320, 36 Pac. 194, 43 Am. St. Rep. 637 ; *Pettigrew v. Dobbelaar*, 63 Cal. 396.)

The judgment of the district court is reversed, and the cause remanded.

DOSTER, C. J., JOHNSTON, SMITH, JJ., concurring.