MARTHA POWERS *et al.* V. ALBERT D. SCHARLING.

No. 14,217. (81 Pac. 479.)

SYLLABUS BY THE COURT.

EVIDENCE—*Ejectment—Transactions with Deceased Persons.* Where the defendant in an action in ejectment claims title through an executor's sale of a deceased's real estate he is not the assignee of such deceased person within the meaning of section 4770 of the General Statutes of 1901, and the plaintiffs, although they claim title immediately from such deceased person, are not incompetent under the provisions of that section of the statute to testify to transactions or conversations had with the deceased concerning the subject-matter of the action.

Error from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed July 7, 1905. Reversed.

*Edwin A. Austin, G. W. Hurd,* and *R. H. Kane,* for plaintiffs in error.

*Thomas Dever,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiffs brought this action in ejectment to obtain possession of certain land described in their petition. A trial was had and judgment rendered against them, and they prosecute this proceeding.

The defendant insists that this court has no jurisdiction of the proceedings for the reason that the petition in error was not filed in this court within one year from the denial of the motion for a new trial. The statements in the record are somewhat indefinite as to when the motion for a new trial was actually denied, but the journal entry, which is the guide for this court in determining such a question, after stating the day upon which the trial was commenced, the impaneling of the jury, the introduction of evidence, the submission of the cause, the return of the verdict, and the filing of a motion for a new trial, proceeds as follows:

"And thereafter, and on the 3d day of October, A. D. 1903, said cause coming on for hearing on the motion of said plaintiffs for a new trial, the court having heard the arguments of counsel, and being fully advised in the premises, finds that said motion shall be, and the same is, thereupon denied, to which finding and ruling of the court said plaintiffs at the time duly objected and excepted."

The petition in error and case-made were filed in this court September 28, 1904, which is clearly within the year after the denial of the motion for a new trial.

This is the second time this case has been to this court. (*Powers v. Scharling,* 64 Kan. 339, 67 Pac.

820.)   The questions presented were whether a certain instrument was testamentary in its nature, or a deed, and, if a deed, whether the description of the land purporting to be conveyed was sufficient.   It was held that the instrument was a deed as to the real estate, and testamentary as to other property, and that the description was sufficiently definite to be a conveyance.   The judgment of the court below was reversed, and the cause remanded.

The questions presented in the present case grow out of a retrial of the controversy.   The facts, summarily stated, are that David Sebrill was the father of the plaintiffs; that prior to his death he executed an instrument by which he attempted to convey the land in controversy in this case to the plaintiffs, who were his daughters.   After the death of Sebrill the executor of his estate sold his personal property and applied the proceeds to the payment of his debts, leaving a balance unpaid, the amount of which is not stated.   For the purpose of paying the remaining debts the executor petitioned the court for leave to sell the land in question.   In that proceeding the plaintiffs appeared before the probate court and contested the right of the court to order the land sold as a part of the estate of the deceased, claiming to be the owners in fee.   Their contentions were denied, and an order issued to the executor to sell the land, at which sale the defendant became the purchaser and went into possession.

The defendant pleaded as follow:   (1) He denied the execution and delivery of the instrument under which the plaintiffs claimed title; (2) he set up by way of estoppel the pleadings in the probate court in which the court made the order to the executor to sell the land in controversy; (3) he denied generally all the allegations of the petition.

Upon the trial the plaintiffs undertook to prove by Harriet S. Campbell, one of the plaintiffs, the delivery of the instrument under which they claimed title. This

testimony was objected to as being incompetent under the provisions of section 4770 of the General Statutes of 1901. The court sustained this objection, and this is one of the errors of which complaint is made That portion of the section that is pertinent reads as follows:

"No party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person."

It is not claimed that the defendant is the executor, administrator, heir at law, next of kin or surviving partner of the deceased. His contention is that he is the assignee of the deceased, David Sebrill, and that whatever title the plaintiffs have they acquired immediately from the deceased, and that they are, therefore, incompetent to testify to any transaction or conversation with the deceased concerning the conveyance of the land to them. This contention of the defendant is not maintainable. He is not the assignee of David Sebrill. An assignee, within the meaning of this section, is one who holds by the voluntary act of his assignor—not one who holds by operation of law, or the judgment of a court, or through an executor's or judicial sale, and in spite of such assignor. (*National Bank v. Beard,* 55 Kan. 773, 42 Pac. 320; *Pulsifer v. Arbuthnot,* 59 id. 380, 53 Pac. 70.) Whatever interest the defendant had in the land he acquired after the death of Sebrill, and through the order of the probate court.

It is also contended that the objection was properly sustained for the reason that no reply was filed to the answer of the defendant. The record, however, discloses that the cause was tried by both parties without any objections on this account, and as if full pleadings

had been filed, and in ruling on this question the court acted on this supposition. The objection made to the testimony of the witness was not that the issue was not tendered by the pleadings, but that she was incompetent to testify in her own behalf to any transaction or communication had personally with the deceased, from whom she claimed title.

There are some other questions suggested in the brief of plaintiffs in error upon which they desire this court to pass, but these were not passed on by the court below, and are therefore not before this court for consideration.

For the error assigned in excluding the evidence of Mrs. Campbell the judgment of the court below is reversed, and the cause remanded.

All the Justices concurring.